# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL S. ESPOSITO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N14C-07-114 JRJ |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, a foreign corporation | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW TO WIT,** this 27th day of January, 2016, having heard and duly considered Plaintiff's Motion to Amend the Complaint;[1] Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Opposition;[2] and the record in this case, **IT APPEARS THAT:**

1.   Plaintiff was injured in an automobile collision on September 25, 2011.[3] Plaintiff submitted Personal Injury Protection ("PIP") claims to State Farm,

---

[1] Plaintiff filed its Motion to Amend in June of 2015. Plaintiff's Motion to Amend the Complaint ("Mot. to Amend") (Trans. ID. 57430771). Following oral arguments, Defendant was ordered to produce an affidavit from its claims adjuster. Judicial Action Form (Trans. ID. 57561220). Defendant filed the affidavit. State Farm's Sept. 10, 2015 Letter, Ex. A, Affidavit of Nash Baker (Trans. ID. 57849818). Thereafter, Plaintiff filed a supplemental Opening Brief in support of its Motion to Amend as well as a Reply Brief. Plaintiff's Opening Brief ("Suppl. Mot. to Amend") (Trans. ID. 58001942); Plaintiff's Reply Brief (Trans. ID. 58225519).

[2] Defendant filed a brief in opposition to Plaintiff's original Motion to Amend, Defendant's Opposition to Plaintiff's Motion to Amend the Complaint (Trans. ID. 57493047), and, subsequently, a Brief in Opposition to Plaintiff's supplemental Opening Brief, Defendant's Opening Brief in Opposition to Plaintiff's Motion to Amend the Complaint ("Suppl. Def.'s Opp'n") (Trans. ID. 58158747).

[3] Complaint ¶ 3 (Trans. ID. 55733867).

his insurer, for medical expenses.[4]

2.    On June 19, 2013, Plaintiff sent State Farm a letter stating that it was "impractical or impossible" for him to receive necessary cervical spine surgery within the two year benefits period.[5]    State Farm acknowledged the letter on November 4, 2013, and confirmed that the PIP statute would be tolled in accordance with 21 *Del. C.* § 2118, but said it was "questionable" whether the proposed cervical spine surgery was reasonable, medically necessary, and related to the injuries sustained as a result of the automobile accident.[6]

3.    On November 5, 2013, Plaintiff underwent the scheduled surgery and, at some point thereafter, sent the related bills to State Farm.

4.    In early April 2014, State Farm informed Plaintiff that it intended to obtain a "Utilization Review" of the bills related to the surgery.  By letter dated June 27, 2014, State Farm denied payment of the surgical bills.[7]  Attached to the June 27, 2014 letter was a copy of a report prepared by a board certified

---

[4] *See* 21 *Del. C.* § 2118 ("No owner of a motor vehicle required to be registered in this State . . . shall operate . . . such vehicle unless the owner has insurance on such motor vehicle providing the following minimum insurance coverage: . . . (2) a. Compensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident . . . ").

[5] Mot. to Amend, Ex. A. *See* 21 *Del. C.* § 2118(a)(2)a.3 ("Where a qualified medical practitioner shall, within 2 years from the date of an accident, verify in writing that surgical or dental procedures will be necessary and are then medically ascertainable but impractical or impossible to perform during that 2-year period, the cost . . . shall be payable.").

[6] *Id.*, Ex. B.

[7] *Id.*, Ex. C.

2

neurologist, Brian Abaluck, M.D., opining that Plaintiff's "upper extremity symptoms likely did not result from a motor vehicle accident."[8]

5. Plaintiff filed suit against State Farm shortly thereafter, alleging that State Farm wrongfully denied PIP payment of Plaintiff's medical expenses and lost wages related to his cervical spine surgery. The instant motion seeks to add a bad faith claim against State Farm "based on the events surrounding the Defendant's PIP denial."[9]

6. In the course of arguing the Motion to Amend, it came to light that prior to issuing its denial, State Farm's PIP adjuster accessed a defense medical examination ("DME") produced in a separate lawsuit between Plaintiff and the driver who allegedly caused the September 25, 2011 car collision (the "Liability Case").[10] State Farm is the insurer for both drivers involved in the September 25, 2011 collision.

7. Plaintiff alleges that this "file sharing" between the State Farm PIP adjuster and the State Farm liability adjuster was in violation of State Farm's internal policies. According to the Plaintiff, the PIP adjuster "obtained impermissible access to a file in an attempt to examine any evidence that would

---

[8] *Id.*, Ex. D.
[9] Mot. to Amend at 4.
[10] Suppl. Mot to Amend at 2. Following oral argument, the Court ordered State Farm to produce an affidavit from its PIP adjuster addressing the file sharing issue. In the affidavit, the PIP adjuster admitted requesting, and receiving, permission from the State Farm liability department to examine the liability file and admitted reviewing the DME produced in the Liability Case. State Farm's Sept. 10, 2015 Letter, Ex. A., Affidavit of Nash Baker.

3

refute Plaintiff's [PIP] claim."[11] State Farm argues it was permissible for the PIP adjuster to acquire the DME from the adjuster in the Liability Case because "[p]ursuant to Plaintiff's policy, a person making claim under no fault coverage must provide written authorization to obtain medical bills, medical records, and any other information we [State Farm] deem necessary to substantiate the claim."[12]

8.      Superior Court Civil Rule 15(a) permits a party to amend their pleadings by leave of the Court, and "leave shall be freely given when justice so requires."  However, "a motion to amend must be denied if the amendment would be futile."[13]

9.      A claim of bad faith "is actionable where the insured can show that the insurer's denial of benefits was 'clearly without any reasonable justification.'"[14]  More specifically, "[t]he ultimate question is whether *at the time the insurer denied liability*, there existed a set of facts or circumstances known to

---

[11] Suppl. Mot. to Amend at 13.

[12] Suppl. Def.'s Opp'n at 7 (quoting Ex. L) (emphasis omitted).

[13] *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 2008 WL 555919, at *1 (Del. Super. 2008) ("The standard for assessing the legal sufficiency of a proposed amended complaint is the same standard applicable to a motion to dismiss under Rule 12(b)(6)—all allegations in the amended complaint must be accepted as true, and the proposed amendment will not be dismissed unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof.").

[14] *Tackett v. State Farm Fire and Cas. Ins. Co.*, 653 A.2d 254, 264 (Del. 1995) (quoting *Casson v. Nationwide Ins. Co.*, 455 A.2d 361, 369 (Del. Super. 1982)).

4

the insurer which created a bona fide dispute and therefore a meritorious defense to the insurer's liability."[15]

10.    It is undisputed that at the time State Farm denied payment for Plaintiff's cervical spine surgery expenses State Farm had in its possession a report from a board certified neurologist, which concluded that Plaintiff's cervical spine surgery was not related to the September 25, 2011 collision.  Dr. Abaluck's report was attached to State Farm's letter denying payment, and Dr. Abaluck's opinions were quoted in that letter as the basis for State Farm's denial.

11.    Given the DME report prepared by Dr. Abaluck attached to the denial, Plaintiff has failed to establish a "reasonably conceivable set of circumstances susceptible of proof" that State Farm's denial of benefits was "without any reasonable justification."[16]  Therefore, based on the facts and arguments put forth on the instant motion, the addition of a cause of action for bad faith would be futile.

**NOW THEREFORE**, for the foregoing reasons, Plaintiff's Motion to Amend the Complaint is **DENIED.**

_____
Jan. R. Jurden, President Judge

---

[15] *Casson*, 455 A.2d at 369 (emphasis added).
[16] *See E.I. du Pont*, 2008 WL 555919, at *1.